UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MATTHEW WILLIAM STRAIN,

    Plaintiff

v.

BRAD POPE, et al.,

    Defendants

Case No.: 3:24-cv-00107-MMD-CSD

**Order**

Re: ECF Nos. 27, 29

    Plaintiff has filed two motions seeking the appointment of counsel. (ECF Nos. 27, 29.)

    "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

In his first motion, Plaintiff states that the issues in this case are complex, and he is unable to adequately present his claims without counsel. In his second motion, Plaintiff states that he must make an appointment to get into the law library, and when he requested an appointment, he did not receive it in time to respond to the motion to dismiss his proposed first amended complaint (FAC). Plaintiff could have sought an extension of time to file his response to the motion to dismiss, but he failed to do so. Moreover, the issue in the motion to dismiss was very limited: that Plaintiff did not comply with Federal Rule of Civil Procedure 15 by obtaining Defendants' consent to file the FAC or by filing a motion for leave to amend with the court.

Plaintiff has not demonstrated exceptional circumstances exist to justify the appointment of counsel in this case. The issues are not unduly complex. Plaintiff's claims are that he was denied access to indoor or outdoor recreation at the Lyon County Jail. As such, Plaintiff's motions for the appointment of counsel (ECF Nos. 27, 29) are **DENIED**.

**IT IS SO ORDERED**.

Dated: July 2, 2025

_____
Craig S. Denney
United States Magistrate Judge