UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW WILLIAM STRAIN,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>BRAD POPE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-cv-00107-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Matthew William Strain filed this action bringing claims under 42 U.S.C. § 1983. The Court screened Plaintiff's original complaint (ECF No. 1-1) and allowed him to proceed with a Fourteenth Amendment conditions of confinement claim regarding a lack of indoor or outdoor exercise and recreational opportunities at Lyon County Jail. (ECF No. 5.) The Court issued a scheduling order setting a deadline to file an amended pleading by April 22, 2025. (ECF No. 23.) On April 1, 2025, Plaintiff filed a proposed first amended complaint (ECF No. 25 ("FAC")). Defendants moved to dismiss the FAC because Plaintiff did not seek leave of the Court or consent from Defendants before filing the amended pleading, as required under Federal Rule of Civil Procedure 15(a). (ECF No. 26 ("Defendants' Motion").) Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, recommending that the Court grant Defendants' Motion and strike the FAC. (ECF No. 30.) To date, Strain has not objected to the R&R. As further explained below, the Court will adopt the R&R and dismiss the FAC. This means that the action will proceed with the claims asserted in Plaintiff's *original* complaint (ECF No. 1-1) identified in the screening order (ECF No. 5). The Court will also, however, *sua sponte* grant Plaintiff 30 additional days to properly move for leave to file an amended complaint.

///

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

In the R&R, Judge Denney recommends that Defendants' Motion be granted because Plaintiff did not file a response to the Motion or explicitly request an extension of time to do so. (ECF No. 30 at 1.) In addition, the sole argument asserted in Defendants' Motion is that Plaintiff did not properly seek Defendants' consent to amend or file a motion for leave to amend with the Court before submitting the FAC. (ECF No. 26.) *See* Fed. R. Civ. P. 15(a)(1)-(2) (providing that a party may file an amended complaint within 21 days of service of a pleading or a responsive pleading as a matter of course, but otherwise may amend only with the opposing party's written consent or with the Court's leave). The Court agrees with Judge Denney that dismissing the FAC is appropriate, given that Plaintiff failed to seek leave to file the FAC and further failed to respond to Defendants' Motion or object to the R&R. Because the Court dismisses the FAC, this action will proceed on the Fourteenth Amendment claims asserted in the original complaint (ECF No. 1-1) as previously screened (ECF No. 5).

The Court notes, however, that Plaintiff filed the FAC before the April 22, 2025, deadline for amendments, and Plaintiff indicates elsewhere that his filings have been delayed by issues accessing the Nevada Department of Corrections law library. Thus, the Court finds good cause to *sua sponte* extend the deadline for Plaintiff to file a motion requesting permission to file a new first amended complaint or to seek consent from Defendants in compliance with Fed. R. Civ. P. 15(a) and Local Rule 15-1. Plaintiff will have 30 days from the date of this Order to properly seek leave to amend. *See* LR 15-1 ("[T]he moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading…."). Plaintiff is

cautioned that any amended pleading permitted will *wholly replace* his original complaint and must be complete in itself; unless Plaintiff properly re-states the facts included in his original complaint, he risks forfeiting those claims. *See id*.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 30) is accepted and adopted.

It is further ordered that Defendants' motion to dismiss (ECF No. 26) is granted.

It is further ordered that Plaintiff's proposed first amended complaint (ECF No. 25) is dismissed.

The Clerk of Court is further directed to strike the proposed first amended complaint (ECF No. 25).

It is further ordered that Plaintiff will have 30 days from the date of this Order to request leave for amend in compliance with Fed. R. Civ. P. 15 and LR 15-1.

It is further ordered that, if Plaintiff takes no action, this case will proceed on the claims asserted in the original complaint (ECF No. 1-1) in accordance with the screening order (ECF No. 5).

DATED THIS 12th Day of August 2025.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE